**B104 (FORM 104) (08/07)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR ||  BANKRUPTCY CASE NO. ||
| DISTRICT IN WHICH CASE IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Armstrong Kellett Bartholow PC
Gary A. Armstrong
TX Bar No. 01316500
11300 Central Expressway, Suite 301
Dallas, TX 75243
P: 214-696-9000
F: 214-696-9001
ATTORNEY FOR DEBTOR(S)

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| Genaro Trejo and Loreto Trejo | § § | Case No. 10-32200-13 |
| Debtors | § § § | Chapter 13 |

_____

| | | |
|---|---|---|
| Genaro Trejo and Loreto Trejo, Plaintiffs | § § § | |
| v. | § § | Adversary No. _____ |
| Household Finance Corporation III Defendant | § § § | |

**COMPLAINT**

Come Now the Debtors, Genaro Trejo and Loreta Trejo, and complain of Defendant Household Finance Corporation III seeking to determine the amount and extent of the purported lien of Defendant on the homestead of Plaintiffs, as more fully described below.

**Jurisdiction**

1. The Plaintiffs allege that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

**The Base Case and Parties**

3. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on March 31, 2010.

4. The 341(a) meeting of creditors was held on May 10, 2010, at the Chapter 13 Trustee's office in Irving, Texas.

5. Debtor's Chapter 13 Plan and Motion for Valuation dated January 11, 2011, was filed on January 17, 2011 and was served on Defendant on January 18, 2011.

6. The Defendant filed its proof of claim in this case on July 28, 2010. Defendant appeared through counsel on May 24, 2010 and again, through new counsel, on December 1, 2010. Defendant filed no objection to confirmation of the plan in this case.

7. The Court entered an order confirming Debtors' Chapter 13 Plan and granting Debtors' motion for valuation on July 14, 2011.

8. The Defendant is, upon information and belief, an entity engaged in the business of owning and/or servicing consumer mortgage loans in the State of Texas, but maintains a principal place of business in some state other than the State of Texas.

**Factual Allegations**

9. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of HSBC Mortgage Corp USA (this entity, together with Defendant, referred to as "HSBC") for the second deed of trust on the residential

real estate of the debtors located at 12222 Murray Lane. The debtors believed, and therefore alleged in their petition and schedules, that there was no equity in their residential real estate to which the second mortgage could secure at the time the petition was filed and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the confirmed plan. Indeed, the Debtors' Chapter 13 Plan included a lengthy 'special provision' concerning valuation of the property and the intent to file this Complaint.

10. The Plaintiffs allege that at the time they filed their bankruptcy petition and at the present time the value of their interest in the said residential real estate was and is approximately $200,000.00. The Court's order confirming Debtors' Chapter 13 Plan so values the property.

11. The Plaintiffs' interest in the real estate is subject to a first lien arising out of a mortgage serviced by BAC Home Loans Servicing, LP and/or Bank of America, N.A. (hereinafter, "Bank of America") in the amount of $226,206.67, plus $17,311.64 in arrearages, for a total debt of $243,518.31 as of the date of filing of the petition. Bank of America's claim has been allowed in such amount.

12. The Plaintiffs' interest in their residential real estate is subject to a second lien arising out of a mortgage in favor of Defendant in the amount alleged by Defendant to be $61,046.20.

13. The lien securing the second mortgage of Defendant is junior to the first mortgage listed above as owing to Bank of America.

14. The Plaintiffs allege that there was no equity in their home at the time this bankruptcy petition was filed, or at the time of confirmation of Debtors' Chapter 13 Plan. Therefore the Defendant has no secured interest for the loan secured by the second deed of trust on the subject real estate.

15. Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim

regarding the claim for the second mortgage loan on the subject real estate.

16. Any timely filed claim of the Defendants for the second mortgage loan is allowable only as an unsecured claim and to the extent that no such claim was filed the Defendant has no claim against this estate.

17. The property in question is the real estate legally described as:

> LOTS 1 AND 2, BLOCK C OF THE CREEKS ON COIT, PHASE III, AN ADDITION TO THE CITY OF FRICO, COLLIN COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME O, PAGE 263, MAP RECORDS, COLLIN COUNTY, TEXAS

All of which real estate bears a property address of 12222 Murray Lane, Frisco, Texas.

**WHEREFORE,** the Plaintiffs respectfully pray of the Court as follows:

A. That this Court determine that the Defendant has no secured interest for the loan secured by the second deed of trust on the residential real estate of the Debtors;

B. That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C. That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

D. That the attorney for the Plaintiffs be awarded reasonable legal fees;

E. That the Plaintiffs have such other and further relief as to the Court may seem just and proper.

Respectfully submitted,

/s/ Gary A. Armstrong
Armstrong Kellett Bartholow PC
TX Bar No. 01316500
11300 Central Expressway, Suite 301
Dallas, TX 75243
P: 214-696-9000
F: 214-696-9001
ATTORNEY FOR PLAINTIFFS